UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dane Cory Stageberg,

        Petitioner,

v.

United States of America,

        Respondent.

Civil No. 06-4954 (JNE)
Crim. No. 05-51(3) (JNE/SRN)
ORDER

In June 2005, Petitioner pleaded guilty to conspiracy to possess with intent to distribute in excess of 50 grams of a mixture and substance of cocaine base. The Court sentenced him in December 2005. Petitioner did not appeal. In December 2006, he moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (2000). The Court held an evidentiary hearing in May 2007. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). For the reasons set forth below, the Court denies Petitioner's motion.

Petitioner first asserts that his plea was involuntary. *See Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"). In support, he testified at the May 2007 hearing that he pleaded guilty because (1) he was experiencing pain, (2) his attorney told him a guilty plea was the only way to obtain a furlough for medical treatment, and (3) his attorney told him that he had no option except to plead guilty. This testimony contradicts statements made at the change of plea hearing. Asked at the change of plea hearing whether he was "feeling okay," Petitioner responded, "Yeah, I'm fine." Petitioner also testified that he was clearheaded:

    Q:    Okay. I just need to make sure that you're clearheaded.

    A:    Yes, I am, Your Honor.

    Q:    Because what we do here is really important in your life today.

> A: It's imperative to know what you're doing.
>
> Q: Yeah. And you can't withdraw [the plea], so I want to make sure that you are not in some kind of a fog. And it doesn't seem to me that you are, but I just wanted to hear it from you.

Later, Petitioner's attorney asked, "Do you feel like you understand what's going on here today?" Petitioner responded, "I understand." Petitioner denied that anybody threatened or pressured him to plead guilty. He also testified that no promises, apart from the plea agreement, were made to him. The Court repeatedly advised Petitioner that he did not have to enter a guilty plea, and Petitioner confirmed that he understood he could plead not guilty. The contrary testimony that Petitioner gave at the May 2007 hearing is not credible and does not overcome the strong presumption of verity attached to Petitioner's representations at the change of plea hearing. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Accordingly, the Court denies Petitioner's motion insofar as Petitioner contends that his plea was involuntary. *Cf. Long v. Iowa*, 920 F.2d 4, 5-6 (8th Cir. 1990) (stating petitioner failed to show anti-psychotic drug rendered him incapable of making a knowing and intelligent waiver of trial rights).

Petitioner also asserts that he was denied effective of assistance of counsel. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first component requires Petitioner to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second requires him to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In determining whether counsel's performance was objectively reasonable, "a court must indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Petitioner first argues that he received ineffective assistance of counsel up to his change of plea. At the May 2007 hearing, he testified his attorney told him that a guilty plea was the only way to obtain a furlough for medical treatment and that he had no option except to plead guilty. Petitioner also testified that his attorney did not review the plea agreement in detail with him before he pleaded guilty. Petitioner's statements at the change of plea hearing contradict his present claims. At the change of plea hearing, Petitioner repeatedly stated that he understood the contents of the plea agreement. He also testified that he had enough time to talk to his attorney before the change of plea hearing and that his attorney had done a good job in representing him. As noted above, Petitioner denied that any threats, pressure, or promises, other than the plea agreement, made him plead guilty. Petitioner also acknowledged that he did not have to enter a guilty plea. Petitioner has not overcome the strong presumption of truth attached to his representations at the change of plea hearing. *See Nguyen*, 114 F.3d at 703. Moreover, his attorney negotiated a plea agreement that provided substantial benefits to Petitioner. Petitioner's base offense level was reduced due to his acceptance of responsibility, and the Court granted the government's motion for a downward departure. Had Petitioner proceeded to trial, he might well have lost the reduction for acceptance of responsibility and the downward departure and, instead, faced a sentence approximately twice as long as the one he is serving. Petitioner has not shown that his attorney was ineffective through his change of plea or that any alleged ineffectiveness prejudiced his defense. *See id.*

Petitioner also claims that his attorney was ineffective for failing to move to withdraw the guilty plea before sentencing. In an affidavit attached to his section 2255 motion and at the May

3

2007 hearing, Petitioner asserted that he asked counsel to withdraw his guilty plea. Petitioner's attorney disputed this assertion in an affidavit.[1] The Court finds that Petitioner's assertion that he asked his attorney to move to withdraw his guilty plea is not credible. Even if it were, a claim of ineffective assistance of counsel fails when premised on counsel's failure to pursue a meritless claim. *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994). Here, the Court rejects Petitioner's assertion that his plea was involuntary. Consequently, his attorney was not ineffective for failing to move to withdraw the plea. *See id.*; Fed. R. Crim. P. 11(d)(2)(B).

Finally, Petitioner claims that his attorney provided ineffective assistance by failing to file a notice of appeal. "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). In the affidavit attached to his section 2255 motion, Petitioner claimed that he "asked counsel to file a direct appeal after sentencing." At the May 2007 hearing, however, Petitioner testified that his father had asked counsel to appeal.[2] Petitioner's father testified that he discussed an appeal with Petitioner's attorney. In his affidavit, the attorney stated that he had "no recollection of [Petitioner], or anyone else requesting an appeal." The Court finds that Petitioner did not ask his attorney to file a notice of appeal, and his father's discussions with the attorney do not persuade the Court that Petitioner is entitled to relief. Thus,

---

[1] The government submitted the affidavit of Petitioner's attorney to the Court, but did not file it. The affidavit will be filed.

[2] The Court held an evidentiary hearing largely because of Petitioner's sworn assertion in the affidavit that he had asked his attorney to file a notice of appeal. Petitioner's testimony at the May 2007 hearing differed, and statements made at the end of the hearing reveal that a significant motivating factor underlying his section 2255 motion may well have been Petitioner's desire to secure a trip to Minnesota to see a particular doctor.

the Court denies Petitioner's motion insofar as Petitioner asserts that his attorney was ineffective for failing to file a notice of appeal.

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2000); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong, the Court declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's section 2255 motion [Docket No. 1 in Civil No. 06-4954; Docket No. 112 in Crim. No. 05-51] is DENIED.

2. Petitioner is not entitled to a certificate of appealability.

Dated: July 10, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge